UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | |
|---|---|
| LOUIS SHEPPARD, | ) C/A No.: 4:15-cv-0798-BHH-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| WARDEN, CECILIA REYNOLDS, | ) |
| | ) |
| Respondent. | ) |

_____ )

Petitioner, Louis Sheppard (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on February 26, 2015. Respondent filed a motion for summary judgment on June 25, 2015, along with a return and memorandum. (Docs. #18 and #19). The undersigned issued an order filed June 26, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #20). Petitioner filed a response on July 31, 2015. (Doc. #23).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently confined at the Lee Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Dorchester County. Petitioner was indicted by the Dorchester County Grand Jury in April 2006 for assault and battery with intent to kill. Petitioner was represented by Marva Hardee-Thomas, Esquire. Petitioner proceeded to trial by jury before the Honorable Diane S. Goodstein, Circuit Court Judge on July 23-25, 2007. Petitioner was found guilty as charged and sentenced by Judge Goodstein to life with parole under the state recidivist statute for distribution of crack cocaine.

### **Direct Appeal**

Petitioner filed a notice of appeal. Petitioner was represented by Chief Appellate Defender Joseph L. Savitz, III of the South Carolina Commission on Indigent Defense, Division of Appellate Defense on appeal. On December 16, 2008, appellate counsel filed a Final <u>Anders</u> Brief of Appellant in the South Carolina Court of Appeals and raised the following issue:

> The trial judge erred by failing to direct a verdict acquitting Sheppard of assault and battery with intent to kill, as the injuries sustained by the victim were neither life-threatening nor particularly serious?

Appellate counsel also filed a petition to be relieved as counsel asserting that "in his opinion, the appeal [was] without legal merit sufficient to warrant a new trial." (Attachment 2, p. 7). By letter dated December 22, 2008, the Clerk of the South Carolina Court of Appeals advised Petitioner of his right to file a pro se brief addressing any issues he believed the Court should consider in the appeal. (Attachment 3). The Court of Appeals issued the remittitur on March 4, 2010, which was revised on April 8, 2010. (Attachment 5)

**PCR**

On July 26, 2010, Petitioner filed an Application for Post-Conviction Relief (PCR) (2010-CP-37-531), asserting the following claim:

> Ineffective assistance of counsel; Prosecutorial Misconduct; Indictments/Subject Matter Jurisdiction; Erroneous Jury Instruction; The State's failure to give Applicant written notice of his intent to seek a life without parole sentence pursuant to §17-25-45 (H).

(Tr. 212).

The State made its return to the application on February 4, 2011. (Tr. 217-222). Charles T. Brooks, III, Esq., represented Petitioner in the action. PCR counsel filed an amendment to the application on March 8, 2011, and raised

3

the following additional claim:

> Trial Counsel was ineffective for failing to object to trial judge's erroneous instruction on "reasonable doubt" charge which is prejudicial because it is misleading and highly confusing to the jury in trying to distinguish the difference between reasonable doubt in criminal and civil proceedings....

(Tr. 216).

An evidentiary hearing in this action was held on August 30, 2011, before the Honorable Edgar W. Dickson, Circuit Court Judge. On August 17, 2012, with the consent of the parties, Judge Dickson accepted an affidavit by the prosecutor confirming that both Petitioner and counsel had been served with the life without parole notice several months before the trial. (Attachment 6). By Order dated November 1, 2013, and filed November 14, 2013, Judge Dickson denied relief and dismissed the application. (Tr. 267-273). Petitioner appealed the denial of relief.

## PCR Appeal

On appeal, Petitioner was represented by Deputy Chief Appellate Defender Wanda H. Carter with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Petitioner's appeal from the denial of relief from the PCR Court was perfected with the filing of a Petition for Writ of Certiorari. In the Petition, Petitioner raised the following issue:

> Trial counsel erred in ordering (rather than advising)

4

>petitioner not to testify in his defense at trial because this denied him of the right to present his case in self-defense despite the possibility of being impeached because per State v. Rivera an accused cannot be denied the right to testify even if his testimony would have been prejudicial or against his best interest as the deprivation of this right constituted a structural error that would require automatic reversal.

(Attachment 7, p. 2).

The State filed a Return to the Petition for Writ of Certiorari on September 24, 2014. On September 18, 2014, prior to the State filing a return, the court granted Petitioner's request to file a supplemental appendix with a copy of the trial transcript pages that had been omitted in the original appendix filing. (Attachment No. 9). By Order filed November 7, 2014, the South Carolina Supreme Court denied the Petition for Writ of Certiorari. (Attachment No. 10). The remittitur was issued on November 25, 2014. (Attachment No. 11).

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

GROUND ONE:    Trial counsel ineffective for failing to raise an objection about defendant not being properly served notice of LWOP intentions by the State;

GROUND TWO:    Trial counsel erred in ordering petitioner not to testify in his defense at trial.

5

>     GROUND THREE:      Applicant did not understand the full extent of the plea I was offered, therefore counsel was ineffective;
>
>     GROUND FOUR:      Post-conviction counsel ineffective for failing to present witness at post-conviction hearing when witness (Jermaine Miles)

(Petition).

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of

6

federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **PROCEDURAL BAR**

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from

proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline

to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## ANALYSIS

### Grounds One, Three and Four

Respondent asserts that Grounds One, Three and Four are procedurally barred. Respondent contends that Grounds One and Three were raised and ruled upon at PCR but were not raised in the PCR appeal; Ground Four is barred by statute, 2254(i)("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.") Respondent asserts that the procedural defaults for Grounds One and Three are not excusable under Martinez v. Ryan, ––– U.S. ––––, 132 S.Ct. 1309, (2012), due to ineffective assistance of PCR appellate counsel.

In his response, in opposition, Petitioner states that "In regards to Grounds One and Three, Petitioner want[s] to address the fact that PCR appellate counsel failed to address both issues on writ of certiorari when appellate counsel raised only one issue of her choice for review." (Doc. #23, pp 2-3).

Grounds One and Three were raised and ruled on by the PCR court but were not raised in the petition for Writ of Certiorari. Therefore, these claims are procedurally barred from review in federal habeas corpus. See Coleman v. Thompson, 501 U.S.

9

722, (1991)(stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). Petitioner has not demonstrated cause and prejudice to overcome his procedural default. Therefore, it is recommended that Grounds One and Three be dismissed as procedurally barred.

In Petitioner's response, he states that PCR appellate counsel failed to address these issue in the petition for writ of certiorari. To the extent Petitioner is asserting ineffective assistance of appellate PCR counsel as cause to overcome the default, it fails. Ineffective assistance of appellate PCR counsel, rather than lower court PCR counsel, does not constitute cause. Johnson v. Warden of Broad River Corr., 2013 WL 856731 at *1 (4th Cir. Mar. 8, 2013)(PCR appellate counsel error cannot constitute cause under Martinez[2] exception); Cross v. Stevenson, 2013 WL 1207067 at *3

---

[2] In Martinez v. Ryan, ––– U.S. ––––, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), the Supreme Court established a "limited qualification" to the rule in Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), that any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of a claim of ineffectiveness of trial counsel. Martinez, 132 S.Ct. at 1319. The Martinez Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. In describing its holding in Martinez, the Supreme Court has stated that
> [w]e ... read *Coleman* as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a

(D.S.C. Mar. 25, 2013)("Martinez, however, does not hold that the ineffective assistance of counsel in a PCR appeal established cause for a procedural default. In fact, the Supreme Court expressly noted that its holding 'does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts.'"). Accordingly, it is recommended that Grounds One and Three be dismissed as procedurally barred.

In Ground Four, Petitioner asserts PCR counsel was ineffective for failing to subpoena a witness for his PCR hearing. Petitioner fails to state a claim upon which relief may be granted and is barred from review. Alleged defects in state PCR proceedings are not cognizable in a federal habeas action. Wright v. Angelone, 151

---

"substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 569 U.S. ——, ——, 133 S.Ct. 1911, 1918, 185 L.Ed.2d 1044 (2013) *(citing Martinez, 132 S.Ct. at 1318–19, 1320–21)*.

F.3d 151 (4th Cir.1998); Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir.1988) (holding that errors and irregularities in connection with state PCR proceedings are not cognizable on federal habeas review). Accordingly, it is recommended that this issue be dismissed. Therefore, it is recommended that Ground Four be dismissed as procedurally barred. Martinez, supra, does not apply to ineffectiveness of PCR counsel when the underlying claim is not ineffectiveness of trial counsel.

**Ground Two**

In Ground Two, Petitioner alleges ineffectiveness of trial counsel alleging trial counsel erred in ordering him not to testify.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state

court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland , supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

13

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the Strickland analysis).

As previously stated, in Ground Two, Petitioner argues that trial counsel was ineffective for ordering him not to testify. Specifically, Petitioner testified at the PCR hearing that counsel failed to adequately review with him what his testimony would be and counseled him not to testify for fear of impeachment with a prior assault and battery conviction and an armed robbery conviction. Petitioner asserts that he would have testified that he acted in self-defense.

At the PCR evidentiary hearing, the PCR judge found the following facts:

> Counsel testified that she only told Applicant what would happen if he testified at trial, and that decision to testify was his to make. Counsel testified that she thought it would be in his best interest not to testify because the State could have cross examined him on his prior convictions. She testified that the State presented the testimony of the victim and other witnesses, and Applicant's testimony would have looked bad in front of the jury in light of the previous statements. Counsel testified that she had a strategy for her not presenting any evidence, and Applicant agreed to the

> strategy during the trial.

(Tr. 270).

The PCR court held as follows with regard to this issue:

> After careful review on the [Strickland] standard discussed above, this court finds that the Applicant has failed to carry his burden in this action. The Court finds that nothing in Counsel's representation fell below any reasonable professional standard. The Court hereby finds that the Applicant's decision not to testify was his own and that he understood the ramifications therefrom, including the effect that would have on his theory of the case. . . .. Additionally, because Counsel's representation was not deficient, Applicant can show no prejudice therefrom. As such, the Court hereby denies the Applicant's Post-Conviction Relief action.

(Tr. 272).

Based upon the record, the PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. The PCR court's factual determination regarding credibility is entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434,

103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. At the trial, the trial judge addressed the right to testify with the Petitioner, and he advised the judge that he understood his right and that it was his decision whether to testify or not. (Tr. 141-145). Additionally, the PCR court found that trial counsel made a strategic decision. Courts are instructed not to second guess an attorney's trial strategy and tactics. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir.1977); Stamper v. Muncie, 944 F.2d 170 (4th Cir.1991). The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Therefore, it is recommended that Respondent's motion for summary judgment be granted as to Ground Two.

## **CONCLUSION**

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #18) be granted and the petition be dismissed without an evidentiary

hearing.

                                              Respectfully submitted,

September 10, 2015                   s/Thomas E. Rogers, III
Florence, South Carolina        Thomas E. Rogers, III
                                        United States Magistrate Judge

**The parties' attention is directed to the important information on the attached notice**.